[No. 12141.    Department One.    December 1, 1914.]

STANDARD OIL COMPANY, *Appellant*, v. PARAGON OIL
COMPANY, *Respondent*.[1]

SALES — CONSTRUCTION AND LIABILITY — CONDITIONS — EVIDENCE—
SUFFICIENCY.   The evidence is insufficient to establish a contract for
the sale of gasoline, pearl-oil, naphtha and distillate, at a certain
per cent below the market value, as claimed by defendant in an
action for a balance due, where it appears from the evidence of the
defendant's manager that plaintiff's offer of the discounts was made
in consideration of the defendant's giving them also their lubricat-
ing business; that an offer of a discount for lubricating oils was held
under consideration until samples could be given and prices agreed
upon, that the parties agreed to sign a contract if the samples were
satisfactory, and that in the meantime, the gasoline, etc., was to be
invoiced at the old prices and a credit memo. for the difference given
if the contract was signed, that defendant placed orders for the
gasoline, etc., with that understanding, and that the parties later
failed to agree upon the quality and prices for the lubricating oils,
and no contract therefor was ever signed; since it is plain that the
agreed discount was not to be given unless the contract for lubricat-
ing oils was entered into, failing which the billed goods were to be
paid for at the higher rate.

Appeal from a judgment of the superior court for Pierce
county, Easterday, J., entered April 3, 1914, upon the ver-
dict of a jury rendered in favor of the defendant, in an action
on account.   Reversed.

*Bates, Peer & Peterson*, for appellant.

*John E. Gallagher*, for respondent.

GOSE, J.—This is an action to recover the alleged balance
due upon an account.   There was a verdict and judgment for
the defendant for costs.   The plaintiff has appealed.

After all the evidence had been submitted, the appellant
moved for a directed verdict, and assigns error because of the
refusal of the court to grant the motion.

[1]Reported in 144 Pac. 531.

Appellant's manager testified that he made a proposition to the respondent's manager to sell him gasoline, pearl oil, naphtha, and distillate, at a cent and a half a gallon below the market price for gasoline and one cent below the market price for pearl oil, naphtha, and distillate; that he told the respondent's manager that, if he would enter into a contract to include lubricating oils, he would give a further reduction of one cent on gasoline, naphtha, and pearl oil, and a half cent on distillate; and that he delivered a large quantity of the refined oils, sending invoices at the higher prices with every shipment. The respondent's manager, while using different language, testified in effect the same. He said that the appellant's manager offered him the larger discount "in consideration of your giving us your lubricating business on such goods as you are buying from California;" that he answered: "If your goods are right and your prices are right, I see no reason why we could not do some business;" that the appellant's manager then said: "We will guarantee to give you just as good or better goods and just as good or better prices than you are receiving," meaning upon lubricating oils; that the respondent's manager then said: "We will think it over;" that they met again the next day, when the appellant's manager reiterated his proposition; that witness promised to furnish him samples of the lubricating oils and the prices at which he was buying them; that the appellant's manager then said:

"In consideration of this, when the samples and prices come back, provided they are agreeable and satisfactory, we will expect you to sign a contract, and in the meantime if you want any goods you can order them right along as you want, and we will send them along. He said, we will invoice them at the old prices, and that after the contract is signed up then we will send you a credit memo., for the difference, and I accepted the goods and invoices on that basis. I think that is about all there was of that interview at that time."

He further testified, that some days later he placed an order for a carload of gasoline, and goods kept coming right along; that after the appellant furnished its samples and prices of lubricating oils, "we found that the goods were not as good and the prices were higher than he had agreed;" that no lubricating oils were furnished, and that each delivery of the refined oils was accompanied with invoices at the higher prices. The parties failed to agree upon the quality and prices of the lubricating oils. The testimony of the respondent's manager makes it clear that the respondent was not to buy lubricating oils unless the quality and prices were "agreeable and satisfactory.". If they were, the parties were to enter into a written contract. In the meantime his testimony shows that the refined goods were to be delivered at the old prices, that is, at the higher prices; and after the contract was entered into for the lubricating oils, if one was entered into, the respondent was to be credited with the agreed discount. His evidence makes it plain that it was foreseen that the parties might not agree upon the quality and prices of the lubricating oils. If the samples and prices were satisfactory, the contract was to be entered into. If not satisfactory, the refined goods were to be billed and paid for at the higher rate. The motion for a directed verdict should have been granted upon the testimony of the respondent's manager.

The judgment is reversed, with directions to enter a judgment for the appellant for the amount of its claim.

Crow, C. J., Morris, and Chadwick, JJ., concur.